IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAMUEL MAY,

    Plaintiff,

v.

AMGEN, INC.,

    Defendant.

No. C 12-01367 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

After exhausting the appellate review process, *pro se* plaintiff moves for leave to file a motion for reconsideration in this employment action. For the reasons stated herein, plaintiff's motion is **DENIED**.

\*        \*        \*

*Pro se* plaintiff Samuel May worked for defendant Amgen, Inc., in Colorado from 2002 through his resignation in 2006. In April 2007, May sued Amgen in California state court but voluntarily dismissed his lawsuit six months later. May then demanded arbitration in Denver.

Following a three-day hearing, during which the parties examined ten witnesses, the arbitrator issued a final award ruling against plaintiff, who was represented by counsel at the time. When Amgen filed a motion in Colorado state court to confirm the arbitration award, May responded with a petition to our court of appeals, who rejected the petition for lack of jurisdiction. The Colorado state court confirmed the arbitration award.

May came to this federal district court, seeking again to vacate or modify the arbitration award. Our June 2012 order spanned eleven pages and explained the reasons for denying May's

petition. Our court of appeals affirmed. The United States Supreme Court denied May's petition for certiorari and denied his petition for rehearing.

Now, almost three years after entry of our June 2012 order, May moves for leave to file a motion for reconsideration. His motion invoking FRCP 60(b) and Civil Local Rule 7-9(b) is **DENIED**.

*First*, May's motion is untimely. FRCP 60(c)(1) states that a motion under FRCP 60(b) must be made within a "reasonable time." When the motion invokes FRCP 60(b)(1) through (3), it must be brought "no more than a year" after entry of the order. Civil Local Rule 7-9(a) states that a party may move for leave to file a motion for reconsideration of any interlocutory order before entry of judgment. Here, May's motion comes nearly three years after entry of the June 2012 order.

*Second*, none of the reasons stated in FRCP 60(b) warrants granting May's motion. To the extent his motion is intelligible, May mainly argues that a "material difference" in law exists. This argument fails because all of the decisions cited by May are decisions that pre-date our June 2012 order, are non-binding or non-precedential decisions, and/or are decisions with no relevance whatsoever to this closed action.

Accordingly, May's motion for leave to file a motion for reconsideration is **DENIED**. The file remains **CLOSED**.

**IT IS SO ORDERED.**

Dated: May 13, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE